Filed 9/29/16  P. v. Watkins CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F071588 |
| v. | (Kern Super. Ct. No. BF158201A) |
| HARVEY LEE JOE WATKINS, | |
| Defendant and Appellant. | **OPINION** |

---

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Detjen, J., and Smith, J.

Appellant Harry Lee Joe Watkins pled no contest to two counts of vehicle theft (counts 1 & 5, Veh. Code, § 10851, subd. (a))[1] and admitted three prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 23, 2014, Michael Ferrell discovered that his Suzuki motorcycle was missing from where he had parked it the day before in his apartment complex parking lot.

On October 11, 2014, Highway Patrol Officer Jason Mitchell stopped Watkins as he rode Ferrell's motorcycle.  Officer Mitchell ran the motorcycle's license plate number and it came back as belonging to a 1988 Honda (case No. BF158201A).

On December 18, 2014, Watkins took a vehicle belonging to Michael Redick (case No. BF158613A).

Around February 19, 2015, the district attorney filed an amended information charging Watkins with two counts each of vehicle theft (counts 1 and 5) and receiving a stolen vehicle (counts 2 & 6, Pen. Code, § 496d, subd. (a)), one count each of displaying a license plate not issued for the vehicle (count 3, § 4462.5) and driving while his privilege to drive was suspended (count 4, § 14601.1, subd. (a)), and eight prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

On March 5, 2015, Watkins pled no contest to counts 1 and 5 and admitted three prior prison term enhancements and that he violated his probation in an unrelated case. In exchange for his plea, the remaining counts and allegations were dismissed and Watkins would be sentenced to an aggregate six-year term in the instant case and a concurrent 360 days on the probation violation in the unrelated case.

---

**1**     All statutory references are to the Vehicle Code unless otherwise noted.

2

On April 7, 2015, the court sentenced Watkins to an aggregate six-year local term consisting of concurrent, aggravated terms of three years on counts 1 and 5, three one-year prior prison term enhancements, and a concurrent 360 days on the unrelated probation violation. Watkins was ordered to serve the first two years in local custody and the remainder of his sentence under mandatory supervision. Per defense counsel's request, the court also set a date for a restitution hearing.

On April 21, 2015, after conducting a restitution hearing the court ordered Watkins to pay $5,358.52 to victim Ferrell and $6,444.04 to victim Redick.

Watkins's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Watkins has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.